UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>OYES, INC. d/b/a FENG'S ASIAN CUISINE; KOK, INC. d/b/a OYE'S CHINESE RESTAURANT & BAR; 44 BROADWAY RESTAURANT GROUP, INC. d/b/a OYE'S CHINESE RESTAURANT; and WAN FENG YE,<br><br>Defendants. | Civil Action No. 1:21-cv-11387<br><br>Injunctive Relief Sought |

COMPLAINT

1. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary") brings this action because three restaurants—Defendants Oyes, Inc. d/b/a Feng's Asian Cuisine; KOK, Inc. d/b/a Oye's Chinese Restaurant & Bar; and 44 Broadway Restaurant Group, Inc. d/b/a Oye's Chinese Restaurant (collectively, the "Restaurants")—and Defendant Wan Feng Ye, president of the Restaurants, have willfully and repeatedly failed to pay their employees proper overtime compensation and failed to keep accurate employment-related records.

2. The Secretary seeks to have the Court enjoin Defendants from violating the provisions of Sections 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5), and to recover unpaid wages and

1

liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2) and 216(c).

## Jurisdiction and Venue

3. Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. § 1331.

4. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## The Parties

5. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

6. Defendant Oyes, Inc. d/b/a Feng's Asian Cuisine is a company having a place of business located at 963 Main Street, Wakefield, Massachusetts 01960, within the jurisdiction of this Court, and is engaged at that place of business in the operation of a restaurant.

7. Defendant KOK, Inc. d/b/a Oye's Chinese Restaurant & Bar is a company having a place of business located at 11 Walker's Brook Drive, Reading, Massachusetts 01867, within the jurisdiction of this Court, and is engaged at that place of business in the operation of a restaurant.

8. Defendant 44 Broadway Restaurant Group, Inc. d/b/a Oye's Chinese Restaurant is a company having a place of business located at 44 Broadway, Saugus, Massachusetts 01906, within the jurisdiction of this Court, and is engaged at that place of business in the operation of a

restaurant.

9. The Restaurants employ the employees listed on the attached Exhibit A who have not received proper compensation under the FLSA.

10. Defendant Wan Feng Ye is the president of the Restaurants.

11. Defendant Wan Feng Ye transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

12. The claims against Defendant Wan Feng Ye in this case arise out of and are directly related to business activities in Massachusetts.

13. Defendant Wan Feng Ye has certain control over the daily operations of the Restaurants, including the authority to set policies for the Restaurants, discipline employees, and delegate work to employees.

14. Defendant Wan Feng Ye is and has been an employer of the Restaurants' employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## Defendants Are an Enterprise Engaged in Commerce

15. At all times described herein, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

16. At all times described herein, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

17. Said enterprise has had an annual gross volume of sales made or business done in

an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

18.     For the period covered by this Complaint, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

<div align="center">Defendants' Wage and Hour Practices</div>

19.     From January 23, 2017 to at least August 20, 2020, Defendants Feng's Asian Cuisine, Oye's Chinese Restaurant & Bar, and Wan Feng Ye willfully failed to pay certain employees working at Feng's Asian Cuisine and Oye's Chinese Restaurant & Bar, who are listed in the attached Exhibit A, the overtime compensation required by Section 7 of the FLSA, 29 U.S.C. § 207.

20.     From January 23, 2017 to at least August 13, 2020, Defendants Oye's Chinese Restaurant and Wan Feng Ye willfully failed to pay certain employees working at Oye's Chinese Restaurant, who are listed in the attached Exhibit A, the overtime compensation required by Section 7 of the FLSA, 29 U.S.C. § 207.

21.     During those time periods, Defendants Oye's Chinese Restaurant & Bar, Oye's Chinese Restaurant, and Wang Feng Ye knew of the FLSA's overtime requirements and failed to pay certain employees the overtime compensation required by the FLSA.

22.     During the time periods set forth above, Defendants failed to compensate employees at one and one-half times their regular rates of pay for all hours worked over forty hours in a workweek.

23.     During the time periods set forth above, Defendants failed to maintain the records

required under Section 11 of the FLSA, 29 U.S.C. § 211.

24. Defendants did not maintain records as required by the FLSA, including complete and accurate records of hours worked by employees, complete and accurate records of payments made to employees, and certain contact information for employees.

## COUNT ONE
### Defendants Failed to Pay the Overtime Premium Required by Section 7 of the FLSA

25. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

26. Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than forty hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of forty hours in such workweeks.

27. Therefore, Defendants are liable for overtime compensation owed to the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO
### Defendants Failed to Keep Records Required Under Section 11 of the FLSA

28. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

29. Defendants failed to keep true and accurate records of with respect to their non-exempt employees in violation of Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), and the regulations thereunder, specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA, including doing so willfully, as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act, including Sections 7, 11, 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5);

2. For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to certain of Defendants' current and former employees listed in the attached Exhibit A for the time periods set forth above with respect to each restaurant, plus liquidated damages equal in amount to the unpaid wages found due. Additional amounts of back wages, and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after the time periods set forth above, and may be owed to certain current and former employees presently unknown to the Secretary for the periods covered by this Complaint, who may be identified during this litigation and added to Exhibit A;

3. For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees;

4. In the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5. Awarding the Secretary the costs of this action; and

6. Granting such other and further relief as may be necessary and appropriate.

<div style="margin-left: 40%;">

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ Mark A. Pedulla
Mark A. Pedulla
Counsel for Wage & Hour
pedulla.mark.a@dol.gov
MA BBO No. 685925

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

</div>

DATE: August 24, 2021