UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>OYES, INC. d/b/a FENG'S ASIAN CUISINE; KOK, INC. d/b/a OYE'S CHINESE RESTAURANT & BAR; 44 BROADWAY RESTAURANT GROUP, INC. d/b/a OYE'S CHINESE RESTAURANT; and WAN FENG YE,<br><br>Defendants. | Civil Action No. 1:21-cv-11387 |

## CONSENT JUDGMENT AND ORDER

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), has filed a Complaint in this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (the "FLSA"). Defendants Oyes, Inc. d/b/a Feng's Asian Cuisine; KOK, Inc. d/b/a Oye's Chinese Restaurant & Bar; 44 Broadway Restaurant Group, Inc. d/b/a Oye's Chinese Restaurant; and Wan Feng Ye, (collectively, the "Defendants"), have received a copy of the Complaint and waived service of process. Defendants admit that they violated Sections 7 and 11 of the FLSA, 29 U.S.C. §§ 207 and 211.

Defendants also acknowledge assessment by the Secretary of civil money penalties in the amount of $77,775.00, waive notice and service requirements for the issuance of those penalties, and waive exception to those civil money penalties all under Section 16(e) of the FLSA, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, 580.1–580.18.

1

The Court finds that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and the Secretary and Defendants agree to its terms.

It is therefore ORDERED, ADJUGED, and DECREED that:

1. Defendants and their successors, assigns, agents, servants, employees, and all persons in active concert or participation with them, or acting or claiming to act in their interest and behalf, hereby are permanently enjoined and restrained from violating the FLSA, in any of the following manners.

    a. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who, in any workweek, is employed in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the FLSA, wages at less than the applicable minimum wage.

    b. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at rates not less than one-and-one-half times the employees' regular rates of pay.

    c. Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from

time to time amended, pursuant to Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in 29 C.F.R. Part 516.

d. Defendants shall not fail to cooperate with the United States Department of Labor in any investigation conducted pursuant to Section 11(a) of the FLSA, 29 U.S.C. § 211(a), and commenced after the entry of this Consent Judgment. Defendants shall provide truthful responses and other information and documents to the United States Department of Labor. Defendants shall provide the United States Department of Labor access to all records that are required to be maintained pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and 29 C.F.R. Part 516, and shall provide access to other information necessary for the proper execution of any United States Department of Labor investigation. Nothing contained in this Consent Judgment, including the requirement to cooperate as set forth in this Paragraph, abrogates Defendants' rights under the United States Constitution.

e. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against or take any adverse action or threaten or imply that adverse action will be taken against any individual who provides, or may seek to provide, information to the United States Department of Labor, or who exercises or asserts her or his rights under the FLSA or this Consent Judgment.

2. Further, the Court, finding that Defendants' employees are due back wages in the amount of $165,044.78, as shown on the attached Exhibit A, which is incorporated in and made a part of this Consent Judgment, it is ordered that Defendants are restrained from withholding said

3

back wages and shall pay, jointly and severally, said back wages plus any applicable interest in accordance with the terms set forth herein.

3.  Defendants represent that, to the best of their knowledge and following diligent review and inquiry, they have been in compliance with the FLSA since June 1, 2021. In resolving the amount of back wages in this Consent Judgment, the Secretary has relied on this representation and, accordingly, the back wage provisions of this Consent Judgment shall have no effect upon any back wages and liquidated damages which may have accrued since June 1, 2021.

4.  The back wage provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to the Secretary: $165,044.78 in gross back, from which deductions for Defendants' employees' share of social security and federal withholding taxes will be made by the United States Department of Labor.

5.  Defendants, jointly and severally, shall further pay the employers' share of FICA to the appropriate authorities for the back wages paid pursuant to this Consent Judgment.

6.  Defendants may make the back wage payment required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE. Alternatively, payment may be made in the form of certified check made payable to "Wage and Hour Division—Labor" and delivered to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: William Schweizer. Any such check shall have Case Number 1896164 written on the face of the check.

7.  The back wage payments shall be made on or before 30 days from the date of the

parties' full execution of this Consent Judgment.

8. Defendants have paid the civil money penalties issued pursuant to Section 16(e) of the FLSA, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, in the amount of $77,775.00 to the Secretary.

9. In the event Defendants fail to make a payment within 10 days of the payment being due under this Consent Judgment, then Defendants consent to the entry of a Writ of Execution, pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. The Secretary may seek such a writ at any time if Defendants have failed to make payment under this Consent Judgment and more than 10 days have passed since the date the payment was due. The Secretary may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary, Defendants agree to furnish a complete and accurate list of their real, personal, and business property with an estimated value of $2,000.00 or more and the locations of such property for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

10. On or before 10 days from the entry of this Consent Judgment, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: William Schweizer, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in Exhibit A, and each employee's current address and social security number (only to the extent currently known by Defendants).

11. When recovered wages, liquidated damages, or punitive damages have not been claimed by an employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, the Secretary shall deposit the wages or

liquidated damages into the United States Treasury as miscellaneous receipts, pursuant to <u>29 U.S.C. § 216(c)</u>.

12. Defendants shall not, in any way, solicit, demand, accept, or keep any amount paid or payable to any employee or former employee under this Consent Judgment or in any manner attempt to recover any amounts paid to such employee or former employee in connection with this Consent Judgment. In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the United States Department of Labor at the following address: United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: William Schweizer.

13. Defendants have certified that their employment practices are currently in compliance with all applicable provisions of the FLSA as interpreted by the Secretary. If this representation is determined to be false, and Defendants are found to be in violation of the FLSA, additional civil money penalties may be owed, in addition to back wages, liquidated damages, and other damages as appropriate.

14. Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation, enforcement action, or legal action.

15. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED, this __1st__ day of __November__, 2021.

*William G. Young*
United States District Judge
District of Massachusetts

For the Secretary:

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ Mark A. Pedulla
Mark A. Pedulla
Counsel for Wage & Hour
pedulla.mark.a@dol.gov
MA BBO No. 685925

U.S. Department of Labor
Attorneys for Plaintiff
Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

Dated:  August 24, 2021

For Defendants:

/s/ Brian R. Cummings
Brian R. Cummings, MBA, LLM, Esq.
MA BBO No. 665299
Cummings Law, LLC
44 Merrimac Street, Suite 108
Newburyport, MA 01950
(978) 872-1122
(978) 477-1090
brcummings@comcast.net


Dated:  August 24, 2021

# EXHIBIT A

EXHIBIT A

| Last Name | First Name | Back Wages |
|---|---|---|
| Bad Hombre | Hombre | $131.25 |
| Cehn | Yan | $871.84 |
| Chau | Anthony | $220.00 |
| Chen | Chung Xue | $186.00 |
| Chen | Feng | $992.53 |
| Chen | Gummaio | $534.00 |
| Chen | Ricong | $1,100.00 |
| Chen | Weichun | $127.50 |
| Chin | Yizhong | $302.05 |
| Cun Lan | Chung | $250.00 |
| Dong | Guang H | $120.00 |
| Dong | Xianhang | $1,330.21 |
| Fang | Xiao Qiang | $5,460.00 |
| Gau | Xuija | $950.00 |
| Huang | Huachun | $127.50 |
| Huang | Hui | $3,080.78 |
| Huang | Yanqiong | $6,690.00 |
| Huayuan |  | $195.11 |
| Jin | Linhai | $260.00 |
| Lei | Feng J | $880.00 |
| Lei | Jin | $11,137.76 |
| Li | Caibin | $440.00 |
| Li | Muhua | $240.00 |
| Liang | Huaxuan | $660.00 |
| Lin | Chun Le | $592.75 |
| Lin | Jinzhi | $6,741.74 |
| Lin | Meiyun | $1,760.00 |
| Lin | Risheng | $524.05 |
| Lin | Yang | $70.37 |
| Lin | Yu | $902.67 |
| Liu | Feng J | $4,830.00 |
| Lu | Jinpeng | $4,931.50 |
| Lu | Meijaio | $1,440.00 |
| Lu | Yong | $3,240.00 |
| Mai | Wenyan | $5,390.00 |
| Pan | Binlin | $3,510.00 |
| Poh | Hoe | $5,174.02 |
| Qin | Yizhong | $6,646.94 |
| Ren | Zai Tao | $2,280.00 |
| Shu | Guomin | $650.00 |
| Sun | Conghao | $2,160.00 |
| Tan | Wei M | $1,560.00 |
| Tan | Weipeng | $1,350.00 |

| | | |
|---|---|---:|
| Wang | Li Zhong | $7,076.44 |
| Wang | Youmei | $480.00 |
| Win | Jaichao | $360.31 |
| Wong | You Met | $2,592.99 |
| Wu | Chang Ping | $330.00 |
| Wu | Jia cho | $5,877.22 |
| Wu | Jian chao | $110.00 |
| Wu | Lanxiang | $1,080.00 |
| Wu | Ming Feng | $770.00 |
| Wu | Xin Zhen | $2,935.78 |
| Wu | You Wu | $3,233.01 |
| Wu | Zin Yiong | $1,701.06 |
| Xin | Mei Lin | $229.00 |
| Xu | Ding Yu | $1,909.77 |
| Yan Wu | Ling | $609.19 |
| Ye | Wan Xa | $139.48 |
| Yu | Lin | $1,651.72 |
| Yu | Shui Xiang | $330.00 |
| Yun Jin | Gao | $843.89 |
| Zhang | Wen S | $1,087.50 |
| Zhang | Xiu Y | $1,320.00 |
| Zhang | Xiu Yan | $228.21 |
| Zheng | Jai Fei | $4,069.11 |
| Zheng | Jia Yu | $5,025.74 |
| Zheng | Jian Yu | $10,854.70 |
| Zheng | Jianfu | $5,794.08 |
| Zheng | Jianyu | $2,100.00 |
| Zheng | Jin Yin | $1,558.34 |
| Zheng | Oral | $115.43 |
| Zheng | Xueyu | $3,960.00 |
| Zheng | Ying | $720.00 |
| Zou | Vicky | $5,911.26 |
| | | $ 165,044.78 |